

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-5-2008

# USA v. Parrish

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1310

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Parrish" (2008). *2008 Decisions.* Paper 713.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/713

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1310

UNITED STATES OF AMERICA

v.

DONTE PARRISH,
                    Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 05-cr-00417
(District Judge: Honorable Yvette Kane)

Submitted July 24, 2008
Pursuant to Third Circuit LAR 34.1(a)

Before: McKEE, FUENTES and WEIS, Circuit Court Judges.

(Filed August 5, 2008)

OPINION OF THE COURT

McKee, *Circuit Judge*.

Dante Parrish's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw as counsel after sentence was imposed on Parrish. Parrish has not filed a *pro se* brief. For the reasons that follow, we will affirm the judgment of conviction and sentence.

## I.

Inasmuch as we write primarily for the parties who are familiar with this case, we need not reiterate the factual or procedural background except insofar as may be helpful to our brief discussion. We note only that Parrish entered a guilty plea to one count of possession of a firearm in furtherance of drug trafficking, in violation of Title 18 U.S.C. § 924(c), pursuant to a plea agreement. Under the terms of the agreement, Parrish waived the right to take a direct or collateral appeal of his conviction or sentence absent certain circumstances not relevant to this case.

Parrish objected to the PSR on the ground that the Guideline calculation overstated his criminal history, and the United States filed a motion for a downward departure based on Parrish's substantial assistance.

The district court concluded that the guideline range was properly calculated, but nevertheless found that a sentence of 262 to 327 months would be more severe than required to satisfy the sentencing objectives set forth in 18 U.S.C. § 3553(a), and ultimately sentenced Parrish to a term of 180 months imprisonment. That sentence was concurrent with a state sentence Parrish was serving. Parrish was also sentenced to a

three year term of supervised release. The court advised Parrish at sentencing, that he had waived his right to appeal and that the only issue he could challenge on appeal would be whether the validity of the waiver of his constitutional rights by pleading guilty.

## II.

Third Circuit LAR 109.2(a) provides: "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California . . . .*" Our inquiry when counsel submits an *Anders* brief is "twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

In his *Anders* brief, counsel identifies three potential issues for appeal but concludes that all three are frivolous. The three issues are: (i) whether Parrish's waiver was ineffective, involuntary, or unlawful; (ii) whether the district court properly considered the 3553(a) factors in determining Parrish's sentence and (iii) whether Parrish's counsel rendered ineffective assistance of counsel. After independently reviewing the record, we agree with defense counsel's contention that none of these issues has merit.

The record shows that the court thoroughly and accurately informed the defendant of the rights he would forego by entering a guilty plea. Parrish stated that he had read the entire plea agreement, discussed it with his attorney, and understood its terms. We find

3

nothing on this record to support any claim that the plea was anything other than knowing, voluntary, and intelligent.

It is also clear from the record that the district court carefully considered all of the 18 U.S.C. 3553(a) factors in sentencing Parrish. After hearing from defense counsel, the government, and Parrish, Judge Kane sentenced Parrish to a term of imprisonment that was below the guideline imprisonment range recommended. J.A. 37-38. The district court considered Parrish's significant criminal history, his status as a career criminal offender, as well as his youth, substantial assistance to the government, and Parrish's potential to lead a useful and productive life upon release. In short, the district court's sentence is eminently reasonable and there are no facts appearing in the record to suggest otherwise.

Finally, it is generally not appropriate to raise claims for ineffective assistance of counsel on direct appeal. *See Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690 (2003*)*; *United States v. Thornton*, 327 F.3d 268 (3d Cir. 2003)(holding that ineffective assistance of counsel claims should be raised on collateral review). Thus, any such claim must be raised in an appropriate habeas petition and cannot be considered now. In stating this basic tenet of our jurisprudence we do not, of course, suggest that counsel was ineffective or that Parrish could succeed on any such claim.

III.

For the foregoing reasons, we will affirm the conviction and judgment of sentence. Defense counsel's motion to withdraw is granted. We also conclude that there is not

meritorious issue requiring counsel to seek a writ of *certiorari* with the Supreme Court.

3d Cir. L.A.R. 109.2 (2002).