NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 22-3038

———————

IN RE: DONTE PARRISH,

Petitioner

——————————————————————

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(M.D. Pa. Crim. No. 1:05-cr-00417-001)

——————————————————————

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 1, 2022

Before: GREENAWAY, JR., MATEY, and FREEMAN, Circuit Judges

(Opinion filed: February 6, 2023)

————

OPINION[*]

————

**PER CURIAM**

Donte Parrish pleaded guilty to being in possession of a firearm related to drug

trafficking, in violation of 18 U.S.C. § 924(c). Classified as a "career offender," Parrish

was subject to an advisory Guidelines sentencing range of 262 to 327 months of

imprisonment. The District Court imposed a below-Guidelines sentence of 180 months,

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

to run concurrent with a state sentence Parrish was serving. The District Court also imposed a term of three years of supervised release.

This Court affirmed Parrish's conviction and sentence on direct appeal. See United States v. Parrish, 287 F. App'x 990, 992 (3d Cir. 2008). Parrish's first motion under 28 U.S.C. § 2255 to vacate his sentence was denied.

Years later, we granted Parrish's motion under 28 U.S.C. § 2244 for authorization to file a second or successive § 2255 motion. Counsel for Parrish then filed with the District Court a "Joint Motion for a Reduction of Sentence." In that motion, counsel articulated the following agreement with the Government:

> ¶ 24. "In an effort to resolve all pending matters in this case, the parties have agreed that under these unique circumstances, Mr. Parrish should receive a reduction in his sentence to 167 months."

> ¶ 25. "The parties agree that upon the imposition of a sentence of 167 months, the pro se petition for writ of audita querela, and the counseled motion . . . under 28 U.S.C. § 2255, should be dismissed as moot and case number 1:16-C[V]-01363 should be closed."

DC ECF No. 105 at 5 (docket citations omitted).

The District Court granted the joint motion and reduced Parrish's "previously imposed sentence of imprisonment of 180 months . . . to 167 months." DC ECF No. 106. The District Court did so by order entered on January 29, 2020. An amended judgment was entered that same day.[1]

---

[1] It appears that Parrish was released from federal prison on or about March 24, 2020, and transferred to State custody at that time pursuant to a detainer from the Pennsylvania

Now, almost three years later, Parrish has filed a pro se petition for a writ of mandamus. With that petition, Parrish: evinces a misunderstanding of the Court's order granting his § 2244 motion (and no other relief); demands that the Government respond to the already-dismissed second-or-successive § 2255 motion; and challenges the District Court's amended judgment formalizing the negotiated sentence.[2]

Mandamus is a "drastic remedy" reserved for "extraordinary circumstances," In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005)—circumstances that are not presented in this case. Indeed, Parrish fails to make any of the required showings: "that (1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (citation and internal quotation marks omitted); see also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) ("Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution."); Westinghouse Elec. Corp. v. Republic of

_____

Board of Probation and Parole. Although Parrish indicates, as recently as mid-November 2022, that he is incarcerated at the York County Prison, he also asserts that he is on supervised release, see Doc. 1-2 at 3, 5, pursuant to the District Court's amended judgment, see DC ECF No. 107. We need not resolve that apparent incongruity here.

[2] Parrish has also filed a "Motion to Proceed on the Original Record." Inasmuch as Parrish is simply requesting that his mandamus petition be considered in light of the record in the District Court with respect to his federal criminal case, the motion is granted.

3

Philippines, 951 F.2d 1414, 1422 (3d Cir. 1991) (recognizing the well-settled rule that mandamus is not a substitute for the normal appellate process). Accordingly, the mandamus petition will be denied.